## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ADRIA TYNDALL, ERIK TYNDALL, AND
ALEX TYNDALL, by his mother and next friend,
Adria Tyndall,

PLAINTIFFS,

v.

HILL'S PET NUTRITION, INC. and
CHEMNUTRA, INC.,

DEFENDANTS.

Case No. 08CV2427

Pending transfer to MDL
1850: *In re Pet Food Prod.
Liab. Litig.* (D. N.J., J.
Hillman)

## DEFENDANT CHEMNUTRA INC'S ANSWER AND AFFIRMATIVE DEFENESES TO PLAIHNTIFFS' UNVERIFIED COMPLAINT AND DEAMDN FOR JURY TRIAL

Defendant CHEMNUTRA INC. ("Defendant") files the following Answer to the unverified Complaint filed in the matter of ALDRIA TYNDALL, ERIK TYNDALL and ALEX TYNDALL, a minor, by his mother and next friend ADRIA TYNDALL v. HILL'S PET NUTRITION, INC. and CHEMNUTRA, INC. (the terms "Plaintiffs" as used herein shall refer to ADRIA TYNDALL, ERIK TYNDALL and ALEX TYNDALL, a minor, by his mother and next friend, ADRIA TYNDALL, individually and on behalf of all others similarly situated.)

Defendant responds to Plaintiffs' Unverified Complaint as follows:

## STATEMENT OF FACTS

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore denies such allegations.

2.     Defendant does not manufacture, produce, distribute or sell pet food. Defendant sold some wheat gluten, however, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2, and therefore denies the remaining allegations.

3.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 3, and therefore denies such allegations.

4.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 4, and therefore denies such allegations.

5.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 5, and therefore denies such allegations.

6.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 6, and therefore denies such allegations.

7.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 7, and therefore denies such allegations.

8.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 8, and therefore denies such allegations.

9.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 9, and therefore denies such allegations.

10.    Defendant admits that Menu Foods issued a recall of Cuts and Gravy style pet food, but is without knowledge sufficient to form a belief to the truth or falsity of the remaining allegations in Paragraph 10, and therefore denies the remaining allegations in Paragraph 10 of the Complaint.

11.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 11, and therefore denies such allegations.

12.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 12, and therefore denies such allegations.

13.    Defendant admits that a Prescription Diet with dry feline food was recalled.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of Paragraph 13, and therefore denies the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 14, and therefore denies such allegations.

15.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 15, and therefore denies such allegations.

16.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 16, and therefore denies such allegations.

17.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 17, and therefore denies such allegations.

18.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 18, and therefore denies such allegations.

19.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 19, and therefore denies such allegations.

20.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 20, and therefore denies such allegations.

21.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 21, and therefore denies such allegations.

22.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 22, and therefore denies such allegations.

23.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 23, and therefore denies such allegations.

24.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 24, and therefore denies such allegations.

25.     Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 25, and therefore denies such allegations.

26.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 26, and therefore denies such allegations.

27.    Defendant is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 27, and therefore denies such allegations.

28.    Paragraph 28 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore denies such allegations.

## COUNT 1 – NEGLIGENCE AS AGAINST HILL'S PET NUTRITION, INC.

29.    Defendant incorporates by reference its responses to all paragraphs set forth above as if fully set forth herein.

30.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  In addition, Paragraph 29 purports to state a conclusion of law to which no response is required.   To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 29 and therefore denies such allegations.

31.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  In addition, Paragraph 30 purports to state a conclusion of law to which no response is required.   To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 30 and therefore denies such allegations.

5

32.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  In addition, Paragraph 31 purports to state a conclusion of law to which no response is required.   To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 31 and therefore denies such allegations.

33.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 32 and therefore denies such allegations.

34.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 33 and therefore denies such allegations.

35.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  In addition, Paragraph 34 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore denies such allegations.

36.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  In addition, Paragraph 35 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or

6

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore denies such allegations.

37.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against other party.  In addition, Paragraph 36, including its subparts and its subparagraphs, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and its subparts and its subparagraphs and therefore denies such allegations.

38.    Defendant makes no answer to the allegations contained in Court I of the Complaint as it is directed against another party.  In addition, Paragraph 37 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 37, and therefore denies such allegations.

## PRAYER FOR RELIEF

Defendant makes no answer to the Prayer for Relief in Count I of the Complaint as it is directed against another party.  In addition, the Prayer for Relief purports to state conclusions of law to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for Relief and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or amount alleged or of any nature or amount whatsoever.  Further, Defendant admits that Plaintiffs seek the relief required in the Prayer for Relief but denies that Plaintiffs are entitled to any such relief in the amount or manner alleged or in any amount or manner whatsoever.

Answer to complaint on behalf of ChemNutra Inc - Tyndall (L0122247).DOC

## COUNT II (BREACH OF WARRANTY)

39.    Defendant incorporates by reference its response to all paragraphs set forth above as if fully set forth herein.

40.    Defendant makes no answer to the allegations contained in Court II of the Complaint as it is directed against other party.  In addition, Paragraph 38 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38, and therefore denies such allegations.

41.    Defendant makes no answer to the allegations contained in Court II of the Complaint as it is directed against other party.  In addition, Paragraph 39 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore denies such allegations.

42.    Defendant makes no answer to the allegations contained in Court II of the Complaint as it is directed against other party.  In addition, Paragraph 40 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40, and therefore denies such allegations.

43.    Defendant makes no answer to the allegations contained in Court II of the Complaint as it is directed against other party.  In addition, Paragraph 41 purports to state a conclusion of law to which no response is required.  To the extent

that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41, and therefore denies such allegations.

PRAYER FOR RELIEF

Defendant makes no answer to the Prayer for Relief and its subparts and subparagraphs in Count II of the Complaint as it is directed against another party. In addition, the Prayer for Relief and its subparts and subparagraphs purports to state conclusions of law to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for Relief and its subparts and subparagraphs in Count II and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or amount alleged or of any nature or amount whatsoever. Further, Defendant admits that Plaintiffs seek the relief required in the Prayer for Relief and its subparts and subparagraphs but denies that Plaintiffs are entitled to any such relief in the amount or manner alleged or in any amount or manner whatsoever.


COUNT III – HUMANE CARE FOR ANIMALS ACT

44.    Defendant incorporates by reference its response to all paragraphs set forth above as if fully set forth herein.

45.    Defendant makes no answer to the allegations contained in Court III of the Complaint as it is directed against other party. In addition, Paragraph 42, purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that 510 ILCS 70 § 3.02 states, in part, what is detailed in Paragraph 42 of the Complaint. Defendant is without

9

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 42, and therefore denies the remaining allegations.

46.    Defendant makes no answer to the allegations contained in Court III of the Complaint as it is directed against other party.  In addition, Paragraph 43, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant admits that 510 ILCS 70 § 16.3 states, in part, what is detailed in Paragraph 43 of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 43, and therefore denies the remaining allegations.

## PRAYER FOR RELIEF

Defendant makes no answer to the Prayer for Relief and its subparts and subparagraphs in Count III of the Complaint as it is directed against another party. In addition, the Prayer for Relief and its subparts and subparagraphs purports to state conclusions of law to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for Relief and its subparts and subparagraphs in Count III and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or amount alleged or of any nature or amount whatsoever.  Further, Defendant admits that Plaintiffs seek the relief required in the Prayer for Relief and its subparts and subparagraphs but denies that Plaintiffs are entitled to any such relief in the amount or manner alleged or in any amount or manner whatsoever.

Answer to complaint on behalf of ChemNutra Inc - Tyndall (L0122247).DOC

## COUNT IV – VIOLATION OF ILLINIOS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

47.     Defendant incorporates by reference its responses to all paragraphs set forth herein.

48.     Defendant makes no answer to the allegations contained in Court IV of the Complaint as it is directed against other party.  In addition, Paragraph 44, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44, and therefore denies such allegations.

49.     Defendant makes no answer to the allegations contained in Court IV of the Complaint as it is directed against other party.  In addition, Paragraph 45 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45, and therefore denies such allegations.

### PRAYER FOR RELIEF

Defendant makes no answer to the Prayer for Relief and its subparts and subparagraphs in Count IV of the Complaint as it is directed against another party.  In addition, the Prayer for Relief and its subparts and subparagraphs purports to state conclusions of law to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for Relief and its subparts and subparagraphs in Count IV and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or

11

amount alleged or of any nature or amount whatsoever.  Further, Defendant admits that Plaintiffs seek the relief required in the Prayer for Relief and its subparts and subparagraphs but denies that Plaintiffs are entitled to any such relief in the amount or manner alleged or in any amount or manner whatsoever.

## COUNT V – STRICT LIABLITITY AS TO HILL'S NUTRITION

50.    Defendant incorporates by reference its responses to all paragraphs set forth herein.

51.    Defendant makes no answer to the allegations contained in Court V of the Complaint as it is directed against other party.  In addition, Paragraph 46, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46, and therefore denies such allegations.

52.    Defendant makes no answer to the allegations contained in Court V of the Complaint as it is directed against other party.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47, and therefore denies such allegations.

53.    Defendant makes no answer to the allegations contained in Court V of the Complaint as it is directed against other party.  In addition, Paragraph 48, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48, and therefore denies such allegations.

54.    Defendant makes no answer to the allegations contained in Court V of the Complaint as it is directed against other party.  In addition, Paragraph 49, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49, and therefore denies such allegations.

55.    Defendant makes no answer to the allegations contained in Court V of the Complaint as it is directed against other party.  In addition, Paragraph 50, purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50, and therefore denies such allegations.

## PRAYER FOR RELIEF

Defendant makes no answer to the Prayer for Relief and its subparts and subparagraphs in Count V of the Complaint as it is directed against another party.  In addition, the Prayer for Relief and its subparts and subparagraphs purports to state conclusions of law to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for Relief and its subparts and subparagraphs in Count V and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or amount alleged or of any nature or amount whatsoever.  Further, Defendant admits that Plaintiffs seek the relief required in the Prayer for Relief and its subparts and subparagraphs but denies that Plaintiffs are entitled to any such relief in the amount or manner alleged or in any amount or manner whatsoever.

Answer to complaint on behalf of ChemNutra Inc - Tyndall (L0122247).DOC

## COUNT VI – STRICT LIABLIITY AS TO CHEMNURA, INC.

56.    Defendant incorporates by reference its responses to all paragraphs set forth herein.

57.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51, and therefore denies such allegations.

58.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52, and therefore denies such allegations.

59.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53, and therefore denies such allegations.

60.    Defendant does not manufacture, produce, distribute or sell pet food. Defendant is without or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54, and therefore denies such allegations.

61.    Paragraph 55 purports to state a conclusion of law to which no response is required.  To the extent that a response is required, Defendant states that it does not produce, distribute or sell pet food.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55, and therefore denies such allegations.

### PRAYER FOR RELIEF

To the extent that the Prayer for Relief and its subparts and subparagraphs purports to state conclusions of law, no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Prayer for

Relief and its subparts and subparagraphs in Count VI and therefore denies such allegations and denies that Plaintiffs sustained injuries or damages of the type or amount alleged or of any nature or amount whatsoever. Further, Defendant admits that Plaintiffs seek the relief required in the Prayer for Relief and its subparts and subparagraphs but denies that Plaintiffs are entitled to any such relief in the amount or manner alleged or in any amount or manner whatsoever.

<u>AFFIRMATIVE DEFENSES</u>

FIRST AFFIRMATIVE DEFENSE

62.    The Complaint and all causes of action asserted against Defendant fail to state facts sufficient to constitute a cause of action.

SECOND AFFIRMATIVE DEFENSE

63.    Federal law preempts Plaintiffs' claims. Plaintiffs have asserted claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal laws, regulations, and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

THIRD AFFIRMATIVE DEFENSE

64.    Plaintiffs' right to recover should be barred or, at the minimum, diminished by Plaintiffs' proportional share of fault.

FOURTH AFFIRMATIVE DEFENSE

65.    Plaintiffs failed to mitigate any damage that they may have sustained.

FIFTH AFFIRMATIVE DEFENSE

66.    Defendant denies that Plaintiffs or their pets suffered injuries or incurred any damages, or that any defendant is liable. If Plaintiffs or their pets did suffer any injuries or incur any damages, any injuries or damages were caused, in

Answer to complaint on behalf of ChemNutra Inc - Tyndall (L0122247).DOC

whole or in part, by the acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control. If there is any negligence or liability by any defendant, it is the sole and exclusive negligence and liability of others and not to this answering Defendant. If Defendant were to be held responsible, it should be indemnified.

## SIXTH AFFIRMATIVE DEFENSE

67.    The intervening or superseding cause of any injury allegedly sustained by Plaintiffs and/or their pets may be conduct which is illicit, criminal, or otherwise improper, and for which conduct Defendant cannot be held responsible.

## SEVENTH AFFIRMATIVE DEFENSE

68.    The alleged damages, injuries, or losses if any, of Plaintiffs and/or their pets were not proximately caused by any alleged act, omission, or breach of duty to Defendant but were caused in whole or in part by the acts or omissions of Plaintiffs and/or others so that the principles of contributory negligence, comparative fault and/or assumption of the risk apply.

## EIGHTH AFFIRMATIVE DEFENSE

69.    If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the complaint, and if there is a finding of any liability in favor of Plaintiffs or settlement or judgment against Defendant, Defendant requests that the Court or Jury make an apportionment of fault among all parties. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

## NINTH AFFIRMATIVE DEFENSE

70.    The alleged injuries of Plaintiffs' pets was the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable, or was not

16

the result of any conduct or negligence on the part of the Defendant; and/or was not the result of any defect in any product sold by Defendant.

## TENTH AFFIRMATIVE DEFENSE

71.    After the alleged component product left the possession and control of Defendant, if in fact any component product was ever in the possession or control of Defendant, the alleged component product was modified, altered, incorporated into a finished product or subjected to treatment that substantially changed its character without Defendant's knowledge. The defect in the alleged component product, as alleged in the Complaint, resulted, if at all, from the modification, alteration, treatment, incorporation into a finished product, or other change of the alleged component product after Defendant relinquished possession of and control over any alleged component product and not from any act or omission of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

72.    Defendant alleges that at all relevant times during which the alleged product was designed, developed, manufactured and sold, it was reasonably safe and reasonably fit for its intended use, and were accompanied by proper warnings, information and instructions, all pursuant to generally recognized prevailing industry standards and the "state of the art" in existence at the time of such design, development, manufacture and sale, and therefore, the product was neither defective nor unreasonably dangerous.

## TWELFTH AFFIRMATIVE DEFENSE

73.    To the extent that Plaintiffs alleges a failure to warn by Defendant, Defendant alleges that the manufacturers and distributors associated with the product knew, or should have been aware, of any risk and hazard that Plaintiffs allege rendered the product defective and that it allegedly caused Plaintiffs and/or Plaintiffs' pets' injuries and/or damages, if any.

17

### THIRTEENTH AFFIRMATIVE DEFENSE

74.     The Complaint is barred due to the lack of privity, or a "transaction," between Plaintiffs and Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

75.     The products were not used in the manner in which they were intended to be used.  The products were used in a manner that was abnormal and not reasonably foreseeable by Defendant.  Such misuse of the products proximately caused or contributed to the alleged damages, injuries, and losses, if any of Plaintiffs and/or their pets.

### FIFTEENTH AFFIRMATIVE DEFENSE

76.     With respect to Plaintiffs' demands for punitive damages, if any, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage wards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### SIXTEENTH AFFIRMATIVE DEFENSE

77.     While continuing to deny any and all liability, Defendant states that if the court determines that Plaintiffs are entitled to assert a claim for punitive damages, such claim cannot be permitted to go forward until the trier of fact determines that punitive damages should be considered, and, ultimately all issues regarding punitive damages should be bifurcated at trial.  Any award for punitive or exemplary damage absent bifurcating trial as to issues of compensatory and exemplary damages would be in violation of Defendant's rights to due process under the Unites States Constitution and the correlative provisions of applicable state law.

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

78.    At all times, the alleged product distributed by Defendant was distributed in compliance with all applicable federal, state and local laws and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

79.    At all times, the alleged product distributed by Defendant was distributed in compliance with all applicable federal, state and local laws and regulations, and rules promulgated and enforced by the Food and Drug Administration.  Compliance with such laws, regulations, and rules demonstrates that due care and reasonable prudence were exercised in the distribution of the product and that said product was not defective in any way.

## NINETEENTH AFFIRMATIVE DEFENSE

80.    Any damages, injuries, and/or losses alleged to have been suffered by Plaintiffs and/or their pets have been mitigated, in whole or in part, by reimbursement from collateral sources and therefore, Plaintiffs' claims against Defendant are barred and/or reduced by any applicable set off.

## TWENTIETH AFFIRMATIVE DEFENSE

81.    At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

## TWENTY – FIRST AFFIRMATIVE DEFENSE

82.    Defendant asserts that Plaintiffs' conduct constitutes contributory negligence.  Defendant denies any liability but asserts that its fault, if any, for injuries and damages alleged, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiffs, that Plaintiffs be barred from any recovery if they are determined to be more than 50% when compared to that that of all others, and that if Defendant's

19

fault is found to be less than 25% of the total attributable fault of the Plaintiffs, and to any defendants or Third-Party defendant, who would have been sued by the Plaintiffs, Defendant shall only be severally liable for the Plaintiffs and their damages, except for medical expenses, if any, which may be awarded by the trier of fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

83.    Any alleged act or omission by Defendant concerning the manufacture, warning, labeling, advertising and sale of the pet food referred to in the Complaint, and was at all times, the duty of an entity other than Defendant. Defendant acted in good faith concerning all services for which it had a duty to provide as referred to in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

84.    The alleged injuries or illnesses of Plaintiffs' pets pre-existed or were suffered after the alleged use of the product and such alleged allergies injuries or illnesses were neither caused nor exacerbated by the alleged use of Defendant's product.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

85.    The alleged injuries or illnesses of Plaintiffs' pets were caused or contributed to by Plaintiffs' failure to follow the directions and precautions provided by the product's manufacturer(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

86.    Defendant denies that there existed any warranties, either express or implied, between Defendant and Plaintiffs. Defendant alleges that any cause of action for breach of warranty is barred because of lack of privity between Defendant and Plaintiffs. Further Plaintiffs' breach of warranty claims, if any, are barred because Plaintiffs failed to give adequate and timely notice of the alleged claims

20

against Defendant and/or because the alleged warranties were disclaimed and/or Defendant was not made aware of any particular use of the products intended by Plaintiffs and/or Plaintiffs failed to identify any warranties upon which they relied.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

87.    The claimed injuries and/or damages of Plaintiffs and/or their pets are so remotely, speculative or contingent that Plaintiffs' claims must be barred on public policy grounds.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

88.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

89.    Plaintiffs' claims, if any, related to negligence per se are barred, in whole or in part, because there is no statute violated by this Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

90.    Plaintiffs' claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations and rules.

## THIRTIETH AFFIRMATIVE DEFENSE

91.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lacks standing to bring such claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

92.    Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to join necessary and indispensable parties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

93.    Defendant did not design, manufacture, formulate, distribute, market, sell, research, develop, test or supply the product that was alleged to have been ingested by Plaintiffs' pets and/or any of the ingredients contained therein.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

94.    Plaintiffs and each of their vague allegations are legal conclusions directed at either "defendants" or "defendant" in general and fails to support any claims specific to Defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

95.    Defendant denies that any product or component part of a product distributed by it caused or contributed to the alleged injuries of Plaintiffs' pets, and Defendant further denies that it is liable to Plaintiffs for the claims alleged or for any other claims whatsoever.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

96.    Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Defendant, and did not act upon any statement, representation advice or conduct to their detriment.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

97.    Defendant asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; (2) the alleged danger of any such design characteristics.

22

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

98.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs, or any state entity acting on behalf of Plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

99.    Plaintiffs' claims for negligence and strict liability are barred by the economic loss doctrine because Plaintiffs seeks only economic damages.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

100.    Plaintiffs' claims fail, in whole or in part, because the relief Plaintiffs requests would violate the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and the Constitution of the State of Illinois.

## FORTIETH AFFIRMATIVE DEFENSE

101.    Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs, or any state entity acting on behalf of Plaintiffs, with respect to the same alleged injuries.  Defendant is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs, or any state entity acting on behalf of Plaintiffs, from any collateral source.

## FORTY-FIRST AFFIRMATIVE DEFENSE

102.    Defendant does not manufacture, produce, distribute or sell pet food, including the pet food that was alleged to have been ingested by Plaintiffs' pets.

## FORTY-SECOND AFFIRMATIVE DEFENSE

103.    Plaintiffs are barred from recovery against Defendant because of the sophisticated user doctrine.

## FORTY-THIRD AFFIRMATIVE DEFENSE

104.    Defendant alleges that it is not liable because it was merely a bulk supplier of raw materials.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

105.    To the extent that laws of other jurisdictions apply, Defendant invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to courts, freedom to petition the government for redress of grievances and limits on compensatory and punitive damages.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

106.    The United States District Court for the Northern District of Illinois, Eastern Division has exclusive jurisdiction over the claims alleged in the Plaintiffs' Complaint.  Accordingly, Defendant joins Hill's Pet Nutrition, Inc.'s Motion To Remove pending transfer to the MDL 1850: *In re Pet Food Product Liability Litigation (D. N.J. J. Hillman)*.

## FORTY –SIXTH AFFIRMATIVE DEFENSE

107.    Defendant adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to the Defendant.    Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon any other defenses that may become legally available hereafter or become apparent during discovery; accordingly, Defendant reserves the right to amend this Answer by adding defenses to conform with such information.

24

## REQUEST FOR RELIEF

WHEREFORE, having answered Plaintiffs' Unverified Complaint, Defendant respectfully requests that this Court:

1.      Dismiss Plaintiff's Complaint in its entirety with prejudice with no recovery by Plaintiffs from Defendant;

2.      Enter judgment in favor of Defendant and against Plaintiffs;

3.      Award Defendant its costs and attorneys' fees as permitted by law; and

4.      Award such other and further relief as this Court deems just and proper.

Dated: May ___, 2008

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _____
Jack T. Riley, Jr.
33 West Monroe, Suite 2700
Chicago, IL 60603
Attorneys for Defendant
CHEMNUTRA INC.

## DEMAND FOR JURY TRIAL

Defendant ChemNutra Inc. hereby demands trial of this matter by jury.

Dated: May ___, 2008

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _____
Jack T. Riley, Jr.
33 West Monroe, Suite 2700
Chicago, IL 60603
Attorneys for Defendant
CHEMNUTRA INC.

25

Answer to complaint on behalf of ChemNutra Inc - Tyndall (L0122247).DOC