## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

ADRIA TYNDALL, ERIK TYNDALL, AND
ALEX TYNDALL, by his mother and next friend,
Adria Tyndall,

PLAINTIFFS,                                    Case No. 08 cv 2427

                                               (J. Gettleman)

v.

HILL'S PET NUTRITION, INC. and                 Pending transfer to MDL
CHEMNUTRA, INC.,                               1850: *In re Pet Food Prod.*
                                               *Liab. Litig.* (D. N.J., J.
DEFENDANTS.                                    Hillman)

## HILL'S PET NUTRITION, INC.'S ANSWER AND SEPARATE OR AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant HILL'S PET NUTRITION, INC. ("Hill's" or "Defendant"), by and through counsel, SIDLEY AUSTIN LLP, and hereby responds to the allegations set forth in Plaintiff's Complaint as follows:

## STATEMENT OF FACTS

1.     That on or about March, 1999, plaintiffs, ADRIA TYNDALL AND ERIK TYNDALL, ("plaintiffs") purchased 2 cats named BINX and BASTET from a breeder.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 1, and therefore denies the same.

2.    CHEMNUTRA, INC. picked up melamine-tainted product at a port of entry in Kansas City and then sold it to HILL'S PET NUTRITION, INC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 2, and therefore denies the same, except that Defendant admits that it purchased wheat gluten from ChemNutra.

3.    Melamine was added to boost the protein content and save money over more expensive methods of increasing the protein content.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 3, and therefore denies the same.

4.    Both BINX and BASTET were Lilac Point Siamese cats, born 1-19-99 from the same litter and were the best of friends.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 4, and therefore denies the same.

5.    Prior to 1-13-07, both Binx and Bastet were relatively healthy cats and were cherished by the entire family, especially Alex Tyndall, the family's oldest child.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 5, and therefore denies the same.

6.    On or about 1-13-07, Binx was taken to the veterinarian for weight loss concerns.  A complete blood work-up was performed; all kidney valves were in normal range, however, Binx was diagnosed with diabetic mellitus.

**ANSWER:**  Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 6, and

therefore denies the same.

7.    On or about 1-17-07, Binx was started on lantus insulin and Hill's Prescription Diet m/d canned cat food.

**ANSWER:**  Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 7, and

therefore denies the same.

8.    On or about 1-25-07, the veterinarian and a representative from Hill's recommended switching Binx over to Prescription Diet m/d dry feline food. Plaintiffs were also advised their other cat, Bastet could be fed the same food.

**ANSWER:**  Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 8, and

therefore denies the same.

9.    Plaintiffs chose Hill's Science Diet to feed both Binx and Bastet because it offered health benefits other foods did not, even though it was considerably more expensive.

**ANSWER:**  Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 9, and

therefore denies the same.

10.    On or about 3-16-07 Menu Foods issues massive recall of "Savory Cuts and Gravy" product it produces for Hill's Science Diet as well as for other pet food companies.

**ANSWER:** Defendant denies the averments set forth in Paragraph 10, except that Defendant admits that, on or about March 16, 2007, certain "Savory Cuts" dinners for cats that had been manufactured by Menu Foods for Hill's and other pet food products were recalled.

11.    On or about 3/29/07, Binx began vomiting and had decreased appetite over the next week; he eventually stopped eating all together and was lethargic.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 11, and therefore denies the same.

12.    On or about 3-30-07, Binx is taken to the veterinarian and is diagnosed with acute renal failure.  Kidney values are extremely high and Binx is transferred to an emergency veterinary clinic for treatment.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 12, and therefore denies the same.

13.    On or about 3-30-07, Hill's issues a recall of Prescription Diet m/d dry feline food and plaintiffs stop using Hill's m/d prescription cat food.

**ANSWER:** Hill's admits that on or about March 30, 2007, Hill's issued a recall of Prescription Diet m/d dry feline food.  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining averments set forth in Paragraph 13, and therefore denies the same.

4

14.     3-31-07, Binx is not urinating and treatment is not successful.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 14, and therefore denies the same.

15.     4-1-07; Binx has fluid overload and the only option is to do dialysis.  The family could not afford kidney dialysis and the outcome was speculative.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 15, and therefore denies the same.

16.     4-1-07; fluid is starting to collect around Binx' heart and his breathing is labored.  The family decided to euthanize Binx.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 16, and therefore denies the same.

17.     4-1-07; tissue and food samples were sent to Iowa State University for testing.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 17, and therefore denies the same.

18.    On or about 4-2-07, Bastet is seen at Animal Care Clinic for blood tests. Bastet's blood showed high creat[i]nine levels indicating a degree of renal failure. The veterinarian suspected food poisoning and uses aggressive treatment; Bastet spends the night at the clinic.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 18, and therefore denies the same.

19.    On or about 4-3-07, Bastet is released and creat[i]nine levels are still high. Bastet will not eat at the clinic, and the vet releases Bastet to go home.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 19, and therefore denies the same.

20.    4-7-07; Bastet is eating at home and creat[i]nine valve is within normal range.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 20, and therefore denies the same.

21.    5-2-07; Bastet's creat[i]nine level his [sic] high again.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 21, and therefore denies the same.

22.    5-14-07; Bastet's creat[i]nine level is high.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 22, and therefore denies the same.

23.    5-23-07; Fluid therapy begins at home, but Bastet is not tolerant of the therapy.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 23, and therefore denies the same.

24.    4-11-07; The College of Veterinary Medicine, Veterinary Diagnostics Lab in Ames, Iowa indicated that Binx suffered from toxic nephrosis among other related conditions.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 24, and therefore denies the same.

25.    9-14-07;  DVM Laboratory determined the dry pellet cat food provided by Defendants revealed the presence of melamine and cyanuric acid.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 25, and therefore denies the same.

26.    10-3-07; The CVM Laboratory opined that the presence of melamine and cyanuric acid in the dry cat food caused the animal's death by consuming these contaminants.

**ANSWER:** Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 26, and

therefore denies the same.

27.    Plaintiff's cats were poisoned by Defendant.

**ANSWER:** Defendant denies the averments set forth in Paragraph 27.

28.    Defendant's conduct exhibited a reckless disregard for Plaintiffs and Plaintiff's cats.

**ANSWER:** Defendant denies the averments set forth in Paragraph 28.

## COUNT I
## (NEGLIGENCE AS AGAINST HILL'S PET NUTRITION INC.)

0 - 28. The plaintiffs incorporate the preceding paragraphs of Statement of Facts, by this reference, as if each and every of these paragraphs were set forth here in their entirety.

**ANSWER:** Defendant incorporates by reference, as if fully set forth

herein, its answers to the preceding paragraphs 1-28.

29.    That Plaintiffs are under no legal disability and are residents and citizens of the State of Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 29, and

therefore denies the same.

30.    That Defendant does business as "Hills Science Diet" and is a corporation which has an extensive presence within the State of Illinois and especially within Cook County, Illinois.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 30, except that Defendant admits that "Science Diet" is a Hill's brand and that its products are sold within the State of Illinois and Cook County.

31.    That Defendant's business consists of distribution and sale of pet foods, among other things.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 31, except that Defendant admits that it distributes and sells certain pet foods.

32.    That in conjunction with the sale of such items as pet foods, Defendant represents their food is healthier for cats than other types of cat food.

**ANSWER:**  Defendant states that its advertising and promotional materials speak for themselves.  Defendant denies the averments set forth in Paragraph 32 to the extent that they are inconsistent with its advertising and promotional materials.  Defendant denies any remaining averments set forth in Paragraph 32.

33.    That Defendants guaranteed and when questioned, stated that their product is better than other less expensive brands of cat food.

**ANSWER:**  Defendant states that its advertising and promotional materials speak for themselves.  Defendant denies the averments set forth in Paragraph 33 to the extent that they are inconsistent with its advertising and promotional materials.  Defendant denies any remaining averments set forth in Paragraph 33.

34.    The defendant designed, manufactured, distributed, and sold pet food and products that were adulterated with melanine and cyanuric acid, a potentially deadly poison.  These products, as a result of adulteration, were unfit for pet consumption, and were not reasonably safe as designed, constructed, manufactured, and sold.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 34.

35.    The defendant owed a duty to all consumers who would purchase said pet food for its' pets, to manufacture and sell food that was safe for pets to eat, that was not adulterated with potentially deadly poisons, like melanine and cyanuric acid, and that was not in violation of applicable food and safety regulations.

**ANSWER:**  Defendant states that, to the extent the averments contain legal conclusions or averments, they do not require a response; but, to the extent the averments require a response, Defendant denies such averments set forth in Paragraph 35.

36.    The defendant breached the duties it owed to consumers by committing the following acts and omissions of negligence:

    a)    Failed to adequately maintain or monitor the sanitary conditions of its food, suppliers, premises, and employees;

    b)    Failed to properly test its food products;

    c)    Failed to apply its food safety policies and procedures to ensure the safety of domestic pets;

    d)    Failed to prevent the transmission of poisons from its food to its' customers domestic pets;

    e)    Failed to properly train its employees and agents how to prevent the transmission of poisons to its food;

    f)    Failed to properly supervise its employees and agents to prevent the transmission of poisons to Plaintiff's cats;

g)     Failed to design, implement, have, or enforce a policy which would prevent the poisoning of Plaintiff's cats;

h)     Failed to design or implement a policy which would timely remove poisonous product from commerce to prevent the poisoning of Plaintiff's cats;

i)     Failed to properly investigate CHEMNUTRA, INC.; and

j)     Failed to properly determine if suppliers of food material is in compliance with standards in the industry.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 36,

including all subparts.

37.     The plaintiffs were injured and their pets sustained injury and death as the proximate result of the defendant's negligent acts and omissions, as set forth above.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 37.


## COUNT II
## BREACH OF WARRANTY

0-37.   The plaintiffs incorporate the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in their entirety.

**ANSWER:**  Defendant incorporates by reference, as if fully set forth

herein, its answers to the preceding paragraphs 1-37.

38.     By offering pet food for sale to the general public the defendant Hill's Pet Nutrition expressly warranted that such food was safe for pets to eat, that it was not adulterated with deadly poisons, and that the food had been safely and properly prepared.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 38, except to the extent the averments contain legal conclusions to which no response is required.

39.     By offering pet food for sale to the general public, the defendant also impliedly warranted that such pet food was safe for pets to eat, that it was not adulterated with deadly poisons, and that the food had been safely prepared.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 39, except to the extent the averments contain legal conclusions to which no response is required.

40.     The defendant Hill's Pet Nutrition breached its express and implied warranties with regard to the pet food it manufactured and sold to the plaintiff.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 40.

41.     The plaintiffs suffered damages and their pets suffered injury and death as a foreseeable consequence of the defendant Hill's breach of warranties, as set forth above, and is thus entitled to recover for all actual, consequential, and incidental damages that flow directly and in a foreseeable fashion from these breaches.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 41.

## <u>COUNT III</u>
## <u>HUMANE CARE FOR ANIMALS ACT</u>

0-41.   The plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in their entirety.

**ANSWER:** Defendant incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-41.

42.    At all times relevant hereto, 510 ILCS 70/3.02 was the law in Illinois and states, in part:

Sec. 3.02. Aggravated cruelty.  No person may intentionally commit an act that causes a companion animal to suffer serious injury or death.  A person convicted of violating Sec. 3.02 is guilty of a Class 4 felony.  A second or subsequent violation is a Class 3 felony.

**ANSWER:** Defendant admits that Plaintiff has quoted a portion of 510 ILCS 70/3.02.  Defendant denies any remaining averments set forth in Paragraph 42.

43.    At all times relevant hereto, 510 ILCS 70/16.3 was the law in Illinois and states, in part:

Sec. 16.3. Civil Actions.  Any person who has a right of ownership in an animal that is subjected to an act of aggravated cruelty under Section 3.02 or torture under Section 3.03 in violation of this Act or in an animal that is injured or killed as a result of actions taken by a person who acts in bad faith under subsection (b) of the Section 3.06 or under Section 12 of the Act may bring a civil action to recover the damages sustained by that owner.  Damages may include, but are not limited to, the monetary value of the animal, veterinary expenses incurred on behalf of the animal, any other expenses incurred by the owner in rectifying the effects of the cruelty, pain and suffering of the animal, and emotional distress suffered by. the owner.  In addition to damages that may be proven, the owner is also entitled to punitive or exemplary damages of not less than $500 but not more than $25,000 for each act of abuse or neglect to which the animal was subjected.  In addition, the court must award reasonable attorney's fees and costs actually incurred by the owner in the prosecution of any action under this Section.

The remedies provided in this Section are in addition to any other remedies allowed by law.

In an action under this Section, the Court may enter any injunctive Orders reasonably necessary to protect animals from any further acts of abuse, neglect, or harassment by a defendant.

The statute of limitations for cruelty to animals is two years.

**ANSWER:** Defendant admits that Plaintiffs have quoted 510 ILCS

50/16.3. Defendant denies any remaining averments set forth in Paragraph 43.

## COUNT IV
## (VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT)

0-43. The plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in their entirety.

**ANSWER:** Defendant incorporates by reference, as if fully set forth

herein, its answers to the preceding paragraphs 1-43.

44. That Defendant intended for Plaintiff and other customers to rely on said representation in purchasing products, and that in reliance on, inter alia, Defendant's aforesaid representation, Plaintiff purchased Defendant's product.

**ANSWER:** Defendant is without knowledge or information sufficient

to form a belief regarding the truth of the averments set forth in Paragraph 44, and

therefore denies the same.

45. That Defendant's representation constitutes deceptive, fraudulent, or unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS SO/51, *et seq.*) as Defendants actually put into commerce a product which was poisonous to cats.

**ANSWER:** Defendant denies the averments set forth in Paragraph 45.

## COUNT V
## STRICT LIABILITY AS TO HILL'S PET NUTRITION

0-45. The plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in their entirety.

14

**ANSWER:**  Defendant incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-45.

46.    Hill's Pet Nutrition, Inc. is in the business of manufacturing and distributing cat food and distributed adulterated food which injured one of Plaintiff's cats and killed the other.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 46, except that Defendant admits that its business includes the manufacturing and distribution of cat food.

47.    Cat food which contains melanine is unsafe when put into use and sold for cat consumption.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 47, and therefore denies the same.

48.    The cat food which was manufactured and distributed to Plaintiff's cats by defendant Hill's Pet Nutrition, Inc. was contaminated with melanine at the time it left the control of Hill's Pet Nutrition, Inc.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 48, and therefore denies the same.

49.    The Plaintiff's cats' consumption of the contaminated food caused illness, injury and death to BINX and injury and illness to BASTET.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 49, and therefore denies the same.

15

50.     Defendant HILL'S PET NUTRITION, INC. is strictly liable to the Plaintiffs for the harm proximately caused by the manufacture and distribution of unsafe and defective food.

**ANSWER:**  Defendant denies the averments set forth in Paragraph 50.

## COUNT VI
## STRICT LIABILITY AS TO CHEMNUTRA, INC.

0-50.   The plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every of these paragraphs were set forth here in their entirety.

**ANSWER:**  Defendant incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-50.

51.     ChemNutra, Inc. is in the business of manufacturing and/or distributing product used in cat food and distributed adulterated food which injured one of Plaintiff's cats and killed the other.

**ANSWER:**  The averments set forth in Paragraph 51 are directed at ChemNutra, Inc., so no response is required from Defendant Hill's; but, to the extent a response is required, Hill's denies the averments.

52.     Cat food which contains melanine is unsafe when put into use and sold for cat consumption.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 52, and therefore denies the same.

53.    The cat food which was manufactured and distributed to Plaintiff's cats by defendant ChemNutra, Inc. was contaminated with melanine at the time it left the control of ChemNutra, Inc.

**ANSWER:**  The averments set forth in Paragraph 53 are directed at ChemNutra, Inc., so no response is required from Defendant Hill's; but, to the extent a response is required, Hill's denies the averments.

54.    The Plaintiff's cats' consumption of the contaminated food caused illness, injury and death to BINX and injury and illness to BASTET.

**ANSWER:**  The averments set forth in Paragraph 54 are directed at ChemNutra, Inc., so no response is required from Defendant Hill's; but, to the extent a response is required, Hill's denies the averments.

55.    Defendant ChemNutra, Inc. is strictly liable to the Plaintiffs for the harm proximately caused by the manufacture and distribution of unsafe and defective food.

**ANSWER:**  The averments set forth in Paragraph 55 are directed at ChemNutra, Inc., so no response is required from Defendant Hill's; but, to the extent a response is required, Hill's denies the averments.

## SEPARATE OR AFFIRMATIVE DEFENSES

Hill's asserts the following separate and affirmative defenses to the Complaint, and each and every cause of action asserted therein.  Further, Hill's reserves the right to amend this Answer to assert additional claims or defenses as discovery proceeds.  Accordingly, as separate and distinct defenses to the Complaint, and to each of the alleged causes of action, Hill's, without conceding that

17

it bears the burden of proof as to any of the defenses and without admitting any of the allegations of the Complaint, alleges as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

The claims asserted in the Complaint are barred by Plaintiff's inequitable conduct and unclean hands.

### THIRD DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the doctrines of laches, waiver, ratification, and inequitable conduct.

### FOURTH DEFENSE

Plaintiffs are estopped, in whole or in part, from asserting the claims set forth in the Complaint.

### FIFTH DEFENSE

Plaintiffs lack standing or capacity to sue with respect to some or all of their claims.

### SIXTH DEFENSE

The claims asserted in the Complaint are barred by the applicable statute or statutes of limitations or by laches.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

### EIGHT DEFENSE

Plaintiff's claims are barred, in whole or in part, by their own negligence and fault.

### NINTH DEFENSE

The claims asserted in the Complaint are barred because Plaintiff has sustained no legally cognizable damage by virtue of any misconduct alleged in the Complaint.

### TENTH DEFENSE

The Claims asserted in the Complaint are barred in whole or in part because they are not ripe for adjudication and/or have previously been dismissed.

### ELEVENTH DEFENSE

Plaintiffs are barred from recovering against Hill's because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et. seq*.

### TWELFTH DEFENSE

Plaintiffs' claims are barred because Hill's actions were in compliance with all existing safety standards and precautions then consistent with the state of the medical art.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred because Hill's alleged advertising and labeling is and has been specifically authorized by the FDA, AAFCO, and state laws incorporating AAFCO standards.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Hill's was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of assumption of risk in that Plaintiffs expressly, freely and voluntarily assumed any risk attendant with purchase of the allegedly defective product, and this undertaking proximately caused and contributed to the losses, injuries or damages, if any, alleged by Plaintiffs.

## SIXTEENTH DEFENSE

The intervening or superseding cause of any injury allegedly sustained by Plaintiffs and/or their pets may be conduct which is illicit, criminal, or otherwise improper, and for which conduct Hill's cannot be held responsible.

## SEVENTEENTH DEFENSE

The injuries and damages of which Plaintiffs complain were caused by a product, process, occurrence, event or service over which Hill's exercised no control or right of control.

## EIGHTEENTH DEFENSE

The claimed injuries and/or damages of Plaintiffs are so remote, speculative, or contingent that Plaintiffs' claims must be barred on public policy grounds.

## NINETEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* or collateral estoppel effect of prior judgments.

## TWENTIETH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Florida.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other

financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.,* 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### TWENTY-FIRST DEFENSE

Punitive damages may not be awarded:

a)   Without proof of every element beyond a reasonable doubt, or in the alternative without proof by clear and convincing evidence

b)   Without bifurcating the trial of all punitive issues, including punitive liability;

c)   With no limits, including the maximum amount that a jury may impose in this jurisdiction;

d)   With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *See State Farm v. Campbell*, 538 U.S. 408 (2003);

e)    Which improperly compensates Plaintiffs for elements of damage not otherwise recognized under the laws of this jurisdiction;

f)    Without standards or sufficient clarity for determining the appropriateness of appropriate size of the award;

g)    Without consideration of the three constitutional guideposts of reprehensibility, ratio and civil penalties. *See State Farm v. Campbell*, 538 U.S. 408 (2003);

h)    Without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

i)    Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and

j)    Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio and civil penalties, *See State Farm v. Campbell*, 538 U.S. 408 (2003).

**TWENTY-SECOND DEFENSE**

Since punitive damages are criminal in nature, any award of such damages against Hill's in this matter would deny Hill's the protection afforded in criminal cases, including protection against unreasonable searches and seizures,

double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel as guaranteed under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the applicable law of this jurisdiction.  Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiffs are seeking punitive damages, punitive damages are not available because Hill's conduct, if any, was not willful, malicious, wanton, reckless, grossly negligent, or in reckless disregard of others' safety.

### TWENTY-FOURTH DEFENSE

Hill's is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction or release.

### TWENTY-SIXTH DEFENSE

Hill's adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to Hill's.   Hill's hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery.  Hill's expressly reserves the right to amend its Answer by way of

amending responses to the allegations in the Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

## PRAYER

WHEREFORE, Defendant prays that Plaintiff's Complaint against it be dismissed; that Defendant be granted costs, fees, and expenses incurred herein; and that Defendant be granted such other relief as this Court may deem just and proper.

Dated: May 5, 2008

By:    s/Kara L. McCall
Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois  60603
phone 312.853.7000
facsimile 312.853.7036
Firm No. 42418

James D. Arden (of counsel)
John J. Kuster (of counsel)
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019
phone 212.839.5300
facsimile 212.839.5599

**Counsel for Hill's Pet Nutrition, Inc.**

## CERTIFICATE OF SERVICE

I, Kara L. McCall, hereby certify that on May 5, 2008, a copy of the foregoing Hill's Pet Nutrition, Inc.'s Answer and Separate or Affirmative Defenses to Plaintiff's Complaint was electronically filed.  Parties may access this filing through the Court's system.  I also caused one copy to be sent via U.S. Mail to the following address, as counsel of record:

Gary A. Newland
NEWLAND, NEWLAND, & NEWLAND
121 S. Wilke Road, Suite 101
Arlington Heights, Illinois 60005
***Counsel for Plaintiff***

Jack Riley
JOHNSON& BELL LTD.
33 W. Monroe Street, Suite 2700
Chicago, IL  60603
***Counsel for ChemNutra, Inc.***

s/Kara L. McCall
SIDLEY AUSTIN LLP